Judge .Roane.
The grounds on which the new trial Was- awarded by the Chancellor in this case, were, or plight have been, submitted to the Jury in the trial at law. It is stated by the answer of Slone, that they were not only submitted and copiously dilated on to the Jury, but also to the Court of Law,. on the motion for a new trial, which was refused. It is true./owr of the Jurors seem to say, that evidence on those points was not submitted at the trial; but supposing such to have been the fact, the appellee ought still to have assigned some reason for not having exhibited his evidence to the Jury; such as that these facts came to his knowledge after the trial, or the like. Nothing of this kind being shewn, as the ground of the application to the Court of Equity; this is, therefore, the naked case of,moving for a new trial in equity, on grounds which, with ordinary diligence, the party might have availed himself ófy on the trial,at law ; and, therefore,. I am for reversing the decree, and dissolving the. injunction.
Judge Fleming.
The object of the bill in this case was to obtain a new trial, where the controversy was purely of a legal nature, and where a motion for a new trial was overruled by the unanimous opinion of the ...Court before which the issue was tried, and which heard the whole evidence adduced on both sides. It is a gemera! principle, that a Court of Equity will not interfere in.sucha case, on the ground that the verdict and judgment .at law was erroneous, where neither fraud nor surprise are suggested, nor any supervenient circumstances had arisen. In the case before us, the suit at law in the District Court of Fredericksburgh was at issue three years and two months before the cause was tried; which gave the parties full time to collect and produce their tes *375 fcimony; all of which, so far as it respected the state of the vessel and cargo, whilst in Hampton Road., and at Norfolk, the opinions of the merchants and sea captains as to the-danger, and probable fatal consequences that might have ensued, had the brig, with the damaged cargo, proeeeded on her voyage, was fairly before the Jury, composed of respectable characters (some of them merchants) in the town of Fredericksburgh, where the contracting parties resided. It is a general principle, that the discovery of other evidence is not a good ground for a new trial; which forcibly applies in the case before us, as such an uncommon length of time elapsed between the joining of the issue and the trial of the cause. Perhaps, in some extraordinary cases, the interference of a Court of Equity on that ground, might be admitted; but in the present case, the only pretended discovery of new evidence was, that in the year 1792, the crops of corn in many parts of the country were injured by an early frost, and the testimony of some cases of vessels being distressed at sea from having damaged cargoes of grain on board. All this testimony was, or might have been, before the Jury; and it appears from the deposition of Baylor Hill, that in the cargo on board the Janet, there was a layer of sound, and a layer of damaged corn, alternately ; which probably arose from the latter having been received on board in wet or damp weather, (of which it is in evidence there was much whilst the vessel was loading,) and not from any original defect in the corn ; which Spiller, the manager of Mrs. Carter's estate, proved to have been quite sound; and both captain and mate declared it was the best they had ever seen. On these grounds, I concur in the Opinion, that the decree awarding a new trial of the action at law, be reversed, and the bill dismissed with costs.